IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 13-cv-04295-RMW |
|---|---|
| Plaintiff, | Related to CR-06-00196-RMW |
| vs. | |
| TROY URIE, | ORDER DENYING MOTION PURSUANT TO 28 U.S.C. § 2255 |
| Defendant. | |

Defendant Troy Urie moves to set aside his conviction on the basis that the government presented false evidence to secure his conviction in violation of the Fifth Amendment. Urie previously filed a § 2255 petition on September 7, 2010 alleging both ineffective assistance of counsel and the same use of false evidence claim at issue in this petition. Dkt. No. 214. The court denied the petition on May 5, 2011, specifically addressing the ineffective assistance of counsel claim, and implicitly addressing the false evidence claim when the court concluded that the evidence at issue–the number of cell phones calls made on a specific date–was not material. Dkt. No. 216 ("Even if Urie is correct that accurate records would have shown fifty percent fewer calls, those 'accurate' records would still have shown a suspiciously large number of calls among the alleged co-conspirators. Consideration of the 'accurate' records would not have shown a reasonable probability

1  that, but for counsel's alleged ineffective performance, the result of the trial would have been
2  different."). To the extent that Urie's current petition asks the court to reconsider its May 2011
3  ruling, the motion for reconsideration is untimely as it was filed over two years after the prior Order.

4       To the extent that the current petition is a new petition under § 2255, it is a "second or
5  successive" petition. Before a second or successive motion is filed, it must be certified by a panel of
6  the appropriate court of appeals to contain "(1) newly discovered evidence that, if proven and
7  viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing
8  evidence that no reasonable factfinder would have found the movant guilty of the offense;" or "(2) a
9  new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court,
10 that was previously unavailable." See 28 U.S.C. § 2255.  A district court has no jurisdiction to reach
11 the merits of any successive claim unless petitioner receives certification from the court of appeals.
12 See United States v. Allen, 157 F.3d 661, 644 (9th Cir. 1998). Accordingly, the current petition,
13 whether characterized as a motion for reconsideration or a petition under § 2255, is dismissed.

15     DATED:   June 46, 2014

16                                               RONALD M. WHYTE
                                              United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

U.S.A.,

           Plaintiff,

  v.

TROY URIE,

           Defendant.

Case Numbers: CR06-00196-RMW
CV13-04295-RMW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on June 24, 2014, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Troy Urie
686 Lawnsdale Road
Medford, OR 97504


Dated: June 24, 2014

                                        Richard W. Wieking, Clerk
                                        By: Jackie Lynn Garcia, Deputy Clerk